UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEON VILLARREAL, an individual,<br><br>*Plaintiff,*<br><br>v.<br><br>ANNA MCCULLY, individually and on Behalf of the marital community of John/Jane Does MCCULLY and ANNA MCCULLY; and RYAN WOODRUM, Individually and on behalf of the marital Community of JOHN/JANE DOE WOODRUM and RYAN WOODRUM,<br><br>*Defendants*. | CASE NO. 2:19-cv-00664-BJR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSES AND REGARDING MEDICAL TREATMENT AND EXPENSES AND LEAVE TO FILE AMENDED ANSWER |

## I.  INTRODUCTION

Before the Court is Plaintiff Leon Villarreal's Motion for Partial Summary Judgment to Dismiss Defendants' Affirmative Defenses and Regarding Medical Treatment and Expenses. Dkt. No. 28. Defendant Ryan Woodrum has not responded to the Motion. Defendant Anna McCully partially opposes the Motion and requests the Court's leave to file an amended answer. Dkt. No. 34. Having reviewed the motions, the oppositions thereto, the record of the case, and the relevant legal authorities, the Court will grant Defendant McCully's request for leave to file her Amended

1

Answer and grant Plaintiff's Motion for Partial Summary Judgment. The reasoning for the Court's decision follows.

## II. BACKGROUND

This case involves a motor vehicle collision that occurred on May 7, 2016 in Seattle, Washington. Dkt. No. 1 at 3; *see also* Dkt. No. 28 at 2–7. Plaintiff was a passenger in the right front seat of Defendant Woodrum's vehicle. Dkt. No. 1 at 3. While traveling southbound on 9th Avenue North in a right-turn only lane, Defendant Woodrum collided with Defendant McCully, who was traveling northbound on the same street and attempting to make a left. *Id.* The force of the collision deployed the airbags in both vehicles, and Plaintiff claims his "body was forced into the seatbelt restraint both at the abdomen and shoulder levels." *Id.* at 3–4. As a result, Plaintiff claims he was injured and incurred medical and other expenses for treatment of his injuries, including surgery, epidural injections, and physical therapy. *Id.* at 4; Dkt. No. 28 at 1–2, 3–4.

Plaintiff's Complaint claims negligence on the part of Defendant McCully for "failing to yield to oncoming traffic when making a left"; negligence on the part of Defendant Woodrum for "continuing straight through the intersection" and "failing to observe the traffic control device designating his lane of travel as a right-turn-only lane"; and seeks joint and several liability from both Defendants. Dkt. No. 1 at 5–6.[1] In response, Defendant Woodrum's Answer includes affirmative defenses for (1) offset of awards against advanced payments ("setoff"); (2) failure to mitigate; and (3) third party negligence. Dkt. No. 19 at 5. Defendant McCully filed her initial

---

[1] Plaintiff pleads jurisdiction under 28 U.S.C. § 1332 as he is a citizen of Texas, both defendants are citizens of Washington, and Plaintiff claims an amount in controversy exceeding $75,000.00. Dkt. No. 1 at 2.

2

Answer, including affirmative defenses for (1) assumption of risk; (2) failure to mitigate; (3) setoff; (4) third party negligence; and (5) contributory negligence.[2]  Dkt. No. 16 at 8–9.  Defendant McCully now requests leave from the Court to file an amended answer which seeks to withdraw the affirmative defenses advanced against Plaintiff.  Dkt. No. 27.

Plaintiff filed his Motion for Partial Summary Judgment seeking dismissal of the affirmative defenses set forth by both Defendants and seeking summary judgment as to the reasonableness and necessity of the medical expenses he incurred as a result of the accident.  Dkt. No. 28.  Defendant Woodrum has not submitted an opposition to the Motion for Partial Summary Judgment, while Defendant McCully has.  Dkt. No. 34.

### III.    LEAVE TO FILE AMENDED ANSWER

Defendant McCully seeks leave to file her Amended Answer under Federal Rule of Civil Procedure 15.  Dkt. No. 32 at 2–3.  Rule 15 provides that a party may amend a pleading in this situation "only with the opposing party's written consent or the court's leave."  FED. R. CIV. P. 15(a)(2).  Since Plaintiff does not consent, Defendant seeks leave from the Court.

Rule 15 states that district courts "should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  The Ninth Circuit has directed that leave should be granted "with 'extreme liberality.'"  *Brown v. Stored Value Cards, Inc.*, No. 18-35735, 2020 WL 1240913, at *5 (9th Cir. Mar. 16, 2020) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009)).

Defendant McCully seeks to amend her Answer so as to withdraw the affirmative defenses

---

[2] Both Defendant Woodrum and Defendant McCully's Answers include a defense directed at each other for comparative negligence.  Dkt. No. 19 at 5; Dkt. No. 27 at 8.

she asserted against Plaintiff. Plaintiff argues that leave to amend is inappropriate given his pending Motion for Partial Summary Judgment. Dkt. No. 35 at 3. Plaintiff's concern appears to be that if the Court allows Defendant McCully to withdraw her affirmative defenses by way of an amended answer, rather than dismiss them pursuant to his Motion for Partial Summary Judgment, Defendant McCully may seek to replead them in the future, which would be afforded the lower standard of leave to amend under Rule 15 than the higher standard for Relief from a Judgment or Order under Rule 60 or a Motion for Reconsideration under Western District of Washington Local Rule 7(h)(1). *Id.* at 4.

The purpose of Defendant McCully's request is to simplify the issues in this case by removing affirmative defenses she can no longer support after conducting discovery. This is a wholly reasonable request. The harm which Plaintiff argues he would suffer if the Court allows the Amended Answer is exceedingly remote. Therefore, allowing Defendant McCully's Amended Answer poses no prejudice to Plaintiff.

## IV. MOTION FOR PARTIAL SUMMARY JUDGMENT

### A. Legal Standard

Rule 56 provides that a district court must grant summary judgment on a claim or defense "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In the course of a motion for summary judgment, the movant bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. On issues for which the movant will bear the burden of proof at trial, the movant must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978,

984 (9th Cir. 2007). Where the movant fulfills his initial burden, the nonmovant must set out specific facts showing that there is a genuine dispute for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

**B. Affirmative Defenses**

Plaintiff's Motion for Partial Summary Judgment seeks dismissal of Defendants' affirmative defenses.

*1. Defendant Woodrum*

Defendant Woodrum has not provided an opposition to partial summary judgment. As such, there is an absence of evidence necessary to preclude partial summary judgment. *See Celotex Corp.*, 477 U.S. at 325. The Court, therefore, will grant Plaintiff's Motion for Partial Summary Judgment as to Defendant Woodrum's affirmative defenses.

*2. Defendant McCully*

Through filing her Amended Answer, Defendant McCully has effectively withdrawn her affirmative defenses. *See supra* at 3–5.

**C. Reasonableness and Necessity of Plaintiff's Medical Treatment**

Plaintiff seeks partial summary judgment on the reasonableness and necessity of his medical expenses. Dkt. No. 14–16. "A plaintiff in a negligence case may recover only the reasonable value of medical services received, not the total value of all bills paid." *Patterson v. Horton*, 929 P.2d 1124, 1130 (Wash. Ct. App. 1997); *see also Bishop v. Brand Energy & Infrastructure Servs.*, No. 11-cv-5267, 2012 WL 1145092, at *2 (W.D. Wash. Apr. 5, 2012); *Whitford v. Mt. Baker Ski Area, Inc.*, No. 11-cv-00112, 2012 WL 895390, at *2 (W.D. Wash. Mar. 15, 2012). Plaintiff bears the burden of proving the reasonableness of his medical expenses and

may not do so by "rely[ing] solely on medical records and bills." *Patterson*, 929 P.2d at 1130. While medical records and bills are relevant to prove past medical expenses they must be supported by additional evidence that the treatment and bills were both necessary and reasonable. *Id.* This proof need not be "unreasonably exacting" and may come from "any witness who evidences sufficient knowledge and experience respecting the type of service rendered and the reasonable value thereof." *Kennedy v. Monroe*, 547 P.2d 899, 906 (Wash. Ct. App. 1976).

Plaintiff has submitted the medical reports and expert opinions of his treating physicians, Doctors Richard E. Seroussi, M.D., M.Sc., and Daniel A. Lazar, M.D., attesting to the reasonableness and necessity of his treatment. *See* Dkt. No. 29-7 (Curriculum Vitae of Dr. Seroussi), Dkt. No. 29-8 (expert report of Dr. Seroussi), Dkt. No. 29-9 (Curriculum Vitae of Dr. Lazar), Dkt. No. 29-10 (expert report of Dr. Lazar). According to this evidence, Plaintiff claims he sustained $59,462.65 in treatment expenses. Dkt. No. 28 at 15; Dkt. No. 29-12 at 3–4.

As indicated above, Defendant Woodrum has not responded to Plaintiff's Motion for Partial Summary Judgment. *See supra* at 3. Defendant McCully has provided no expert reports or opinions to rebut Plaintiff's evidence. *See* Dkt. No. 31 (Defendants' Amended Joint Statement withdrawing medical experts in the face of Plaintiff's Motion to Strike Defense Experts, Dkt. No. 25). Instead, Defendant McCully argues that Plaintiff has not provided sufficient evidence because his submissions are merely medical records or bills, which alone cannot establish the reasonableness and necessity of his treatment. Dkt. No. 34 at 4 (citing *Patterson*, 929 P.2d at 1130). As Plaintiff points out, however, his submissions are not merely medical records or bills, but include actual expert opinions as to the reasonableness and necessity of care. *See, e.g.*, Dkt. No. 29-10 at 5 (Dr. Lazar stating "[m]y professional opinion [is that] the treatment both surgical

and nonsurgical as well as [Plaintiff's] need for releases from work during his recovery time was necessary and appropriate on a more probable than not basis, and all of the treatment performed was on a more probable than not basis due to the motor vehicle crash on 5/7/2016").

Furthermore, Defendant McCully's reliance on *Wilder v. Eberhart*, 977 F.2d 673 (1st Cir. 1992) and *Gestson v. Scott*, 67 P.3d 469 (Wash. Ct. App. 2003) are unavailing for the simple reason that she has brought forward no evidence, or even allegation, of another cause for Plaintiff's injuries or that Plaintiff had a preexisting condition that called into question the reasonableness of his treatment. As Defendants have submitted no evidence to rebut Plaintiff's showing of reasonableness, partial summary judgment on this issue is appropriate.

## V. CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. Defendant McCully's Motion for Leave to File an Amended Answer is GRANTED;
2. The Court DISMISSES the affirmative defenses set forth by Defendant Woodrum; and
3. The Court GRANTS Plaintiff's Motion for Partial Summary Judgment and finds that Plaintiff's medical expenses in the amount of $59,462.65 were necessary and reasonable.

DATED this 4th day of April, 2020.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE